WILLIS C. CROSBY, APPELLANT, V. DAVID HAVERLY ET AL.,
APPELLEES.

FILED NOVEMBER 5, 1908.    No. 15,908.

1. **Mandamus:** ELECTIONS: CANVASS OF BALLOTS. Mandamus will not
lie to compel the county board of canvassers to count ballots cast
at a primary election for the nomination of state and county
officers, which have been rejected by the election board under
the provisions of section 5830, Ann. St. 1907, because they were
not signed by the judges of election and were not indorsed with
the signatures of any of the election officers.

2. ——: ——: REMEDY AT LAW. In such a case the statutes re-
lating to the contest of elections provide a speedy means of de-
termining the validity of such ballots and afford a plain and
adequate remedy at law.

APPEAL from the district court for Douglas county:
HOWARD KENNEDY, JUDGE.  *Affirmed.*

*Byron G. Burbank,* for appellant.

*A. H. Murdock, contra.*

BARNES, C. J.

This is an appeal from a judgment of the district court
for Douglas county denying the appellant a peremptory
writ of mandamus and dismissing his action.  The facts
out of which this controversy arose, briefly stated, are
as follows:

The appellant Willis C. Crosby, George H. Brewer, and
another were candidates for the republican nomination
for the office of coroner of Douglas county at the primary
election held in said county on September 1 of the pres-
ent year.  It appears that after the polls were closed the
election boards in the several precincts of said county
duly canvassed the votes and made their election returns
to the county clerk strictly in the manner provided by
law; that, thereupon, at the proper time the county

clerk called to his aid two electors, formed the county canvassing board, and upon a proper canvass found that George H. Brewer had received a plurality of all the votes cast for the office of county coroner. The appellant then claimed the right to a recount under the provisions of section 118, ch. 26, Comp. St. 1907, and duly filed his affidavit therefor. Thereupon the canvassing board reconvened, recounted the votes, and again determined that Mr. Brewer had received a plurality of the votes cast at said primary election; he receiving two votes more than the appellant Crosby. It also appears that in making the recount the board discovered in the ballot boxes three ballots among the others, that had not been signed or indorsed with the names of either the judges or the clerk of election, or by any of the election officers, and which contained the name of the appellant. It appears that for that reason these votes had been rejected by the election boards, and therefore the canvassing board refused to count them. The appellant thereupon applied to the district court for a peremptory writ of mandamus commanding the canvassing board to count said votes for the appellant and declare him to be the republican nominee for coroner of Douglas county at the coming general election. As above stated, the district court denied the writ and dismissed the petition.

Appellant contends that it was the duty of the board of canvassers to count the three votes for him which had been rejected by the election board, that the board of canvassers is a ministerial body, that its duty is confined to the ministerial act of counting the ballots contained in the ballot boxes, and that it has no power or authority to pass upon the question of the legality of any ballot. It may be conceded that the board of canvassers is purely a ministerial body, and that ordinarily it has no judicial powers and cannot pass upon the question of the validity of the ballots cast at an election. But it does not follow that the court erred in denying the prayer of appellant's petition. Our election laws provide that the ballots cast

at a primary election shall be counted in the manner and form provided by the law relating to general elections. Ann. St. 1907, sec. 5877. It is likewise declared that all of the provisions of the general election law which are applicable shall govern primary elections in this state. Ann. St. 1907, sec. 5898. By the general election law it is made the duty of the election officers, when the polls are closed, to immediately proceed to canvass the vote. It is provided that such canvass shall be public, and that the board shall commence by a comparison of the poll lists from the beginning and correct any errors that may be found therein until they agree. The poll books must then be signed by the judge and attested by the clerks, and thereupon the names contained therein are to be counted and the number thereof set down at the foot of the poll books. Ann. St. 1907, sec. 5683. The next section (5684) provides, in substance, that the ballot box shall then be opened and the ballots counted without unfolding. If the whole number of votes exceed the number of persons voting, then the ballots shall be replaced in the box, the box locked, and the ballots thoroughly shaken. The box is then to be reopened, and one of the judges is required to draw therefrom as many ballots as shall have been cast exceeding the number shown by the poll books. The ballots so withdrawn are to be marked "excessive ballots" and returned to the county clerk in the manner provided by law. After the poll books have been examined, compared and signed, and the excessive ballots, if any, have been withdrawn, the ballots remaining in the box are to be taken out by one of the judges and the canvass continued; the judges announcing to the clerk the number of votes each candidate balloted for shall have received. The clerk is then required to enter upon the tally list of the poll books, to the right of the names of the persons voted for, all the votes as shown by the ballots, and as declared and read by the judges. The clerks are thereupon required to express in figures, at the end of the tally list of each candidate, the total number of votes cast for said

candidate. The election board are authorized to reject certain ballots as void; the general election law (Ann. St. 1907, sec. 5830) providing: "In the canvass of the votes any ballot which is not indorsed as provided in this act by the signature of two (2) judges upon the back thereof shall be void and shall not be counted."

In the primary election law the following provisions are found bearing directly upon the case presented here: Section 5870 Ann. St. 1907: "There shall be no printing on the back of the ballots, or any mark to distinguish them but the signature of the judge or clerk." Section 5879: "In cities where registration is by law required, no voter shall receive a primary ballot or be entitled to vote, until he shall have first been duly registered as a voter in the manner provided by law.  * * * If the right of such person to vote be not challenged, one of the judges of said primary election shall then hand him a ballot of the political party with which he affiliates, which said ballot shall be indorsed with the signature of two of the judges upon the back at the bottom edge." Section 5882: "When the elector has prepared his ballot he shall fold the same with the edges upon which are the signatures of the judges uppermost, and so folded so as to conceal the face thereof and all marks thereon, and hand the same to the judge of the primary election who is in charge of the ballot box." Under the general election law, when all of the votes shall have been examined and counted, the clerks are required to set down in the form in their poll books the names of every person voted for, the number of votes he received, and upon the completion of the canvass the poll books are certified and sealed, and, together with the ballots, are returned to the county clerk, and on the Friday following the election the clerk, together with two electors whom he calls to his aid, shall canvass the election returns as certified by the clerk of the election board, and declare the result of the election. The primary law (Ann. St. 1907, secs. 5877, 5884), provides that the ballots shall be counted and the results returned to the county clerk and the can-

vass made, except where otherwise specified, in the same manner and by the same officers as on a general election. It appears that all this was duly performed, and it seems clear that it was the duty of the election boards to reject the three ballots for the appellant which were not signed by any of the election officers. *Orr v. Bailey,* 59 Neb. 128.

It is unnecessary to consider the contention of relator as to powers of a canvassing board in making a recount under the provisions of section 5887, or to consider whether this section is applicable to other than city primaries. The three ballots were void, and neither the election board nor the canvassing board, if it had the right to count the ballots, which we do not decide, could make them valid. The district court was right in refusing the writ asked for, for these reasons.

There is another reason why the writ in this case was properly denied. The general rule is that the extraordinary writ of mandamus will not be allowed where the relator has an adequate remedy at law. Section 5892, Ann. St. 1907, provides for contesting primary elections. Under the provisions of this law the appellant might have filed his petition for a contest of the primary election before the county judge of Douglas county within 24 hours after the board of canvassers declared the result, and by following the methods of procedure pointed out thereby he could have had the whole matter judicially determined in ample time, if successful, to have enabled the county clerk to place his name upon the official ballot for the coming general election. He was thus afforded a complete and adequate remedy at law before a tribunal vested with full power to determine the question of the legality of the ballots in controversy. We are aware that it has been held, in some cases, that the remedy by contest may not be complete; but it seems clear that in the instant case the remedy was both complete and adequate.

For the foregoing reasons, the judgment of the district court is in all things

AFFIRMED.